UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DUPREE DEAN, JR., | No. 2:24-cv-0139 AC P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 and state tort law without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted declarations showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motions to proceed in forma pauperis will be granted.[1]

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.   Factual Allegations of the Complaint

The complaint alleges that defendants Sacramento County and Does 1-20 have violated plaintiff's rights under the Fourteenth Amendment,[2] as well as state tort law. ECF No. 1.

---

[2] Plaintiff cites both the Eighth and Fourteenth Amendments but does not specify whether he was a pretrial detainee or convicted prisoner at the time of the alleged violation. Since he appears to have been a pretrial detainee, the undersigned will assume, for screening purposes, that his claims are governed by the less rigorous Fourteenth Amendment standard. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of (continued)

Specifically, plaintiff alleges that he suffers from various physical and mental health conditions and medical staff at the jail have denied him adequate care by refusing to give him proper medication to treat his conditions, instead providing over the counter medications that do not do anything. Id. at 3-5, 7-8. He has been told that the jail does not carry the medications he requires and there is nothing that can be done. Id. at 4. Plaintiff has suffered both mentally and physically as a result of the failure to provide him with his correct medication. Id. at 3-5, 8.

III.     Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for deliberate indifference under the Fourteenth Amendment against defendant Sacramento County. Liberally construed, plaintiff has sufficiently alleged that the county has a policy or practice of denying treatment for certain medical conditions by refusing to provide the medication needed to treat those conditions.

IV.     Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against any Doe defendants or to state a claim for negligent infliction of emotional distress against Sacramento County. Plaintiff fails to make any specific allegations against any Doe defendant and therefore fails to state any claims for relief against any of them. Because plaintiff has not alleged facts showing any Doe defendant negligently inflicted emotional distress, he does not state a claim against the county for negligent infliction of emotional distress based on vicarious liability, and the county is immune from a claim based on direct liability. It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

V.      Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to

---

*pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Sacramento County on his Fourteenth Amendment claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the Doe defendants and the negligent infliction of emotional distress claim against Sacramento County. The court will proceed to immediately serve the complaint and order a response from defendant Sacramento County on the Fourteenth Amendment claim.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for deliberate indifference against Sacramento County based its policy of not providing certain necessary medications. You have not stated claims against any Doe defendants because you have not identified what any particular unidentified person did. You also have not stated a claim for negligent infliction of emotional distress against Sacramento County because the county has immunity on a direct liability theory, and you have not shown any county employee negligently inflicted emotional distress in order to show vicarious liability.

You have a choice to make. You may either (1) proceed immediately on your deliberate indifference claim against Sacramento County and voluntarily dismiss the other claims and defendants or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 8) are GRANTED.

4

      2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

      3.   Plaintiff's requests for screening (ECF Nos. 5, 7) are GRANTED to the extent the complaint has now been screened.

      4.   Plaintiff's claims against the Doe defendants and his claim for negligent infliction of emotional distress against Sacramento County do not state claims for which relief can be granted.

      5.   Plaintiff has the option to proceed immediately on his Fourteenth Amendment claim against defendant Sacramento County as set forth in Section III above, or to file an amended complaint.

      6.   Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

      7.   If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Doe defendants and the negligent infliction of emotional distress claim against Sacramento County.

DATED:

AC/kw:dean0139.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DUPREE DEAN, JR., | No. 2:24-cv-0139 AC P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Check one:

_____ Plaintiff wants to proceed immediately on his Fourteenth Amendment claim against defendant Sacramento County without amending the complaint.  Plaintiff understands that by choosing this option, the Doe defendants and negligent infliction of emotional distress claim against defendant Sacramento County will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                                        _____
                                                                        Shaun Dupree Dean, Jr.
                                                                        Plaintiff pro se

6

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.  Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.  Legal Standards Governing Substantive Claims for Relief

A. Fourteenth Amendment Deliberate Indifference

A Fourteenth Amendment medical claim includes the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

### B. Negligent Infliction of Emotional Distress

"Negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." Huggins v. Longs Drug Stores Cal., Inc., 6 Cal. 4th 124, 129 (1993). In California "there is no independent tort of negligent infliction of emotional distress. The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993) (internal citations omitted). The existence of a duty is a question of law. Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989). The elements of a cause of action for negligent infliction of emotional distress are: "1. The defendant engaged in negligent conduct; 2. The plaintiff suffered serious emotional distress; 3. The defendants' negligent conduct was a cause of the serious emotional distress." Butler-Rupp v. Lourdeaux, 134 Cal. App. 4th 1220, 1226 n.1 (2005).

### C. County Liability

With respect to claims under § 1983, municipalities cannot be held vicariously liable for the actions of their employees. Monell v. Dep't of Soc. Servs., 436 U.S. 585, 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Id. at 690; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Price

v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

With respect to state tort law claims, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person" except as otherwise provided by statute. Cal. Gov't Code § 815(a). "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee." Cal. Gov't Code § 815.2(a).

### D. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

DATED: March 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE