1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAUN DUPREE DEAN, JR.,                    No.  2:24-cv-0139 AC P

12                     Plaintiff,

13           v.                                   ORDER TO SHOW CAUSE

14    SACRAMENTO COUNTY, et al.,

15                     Defendants.

16

17          Plaintiff is a former county and current state inmate who filed this civil rights action

18    pursuant to 42 U.S.C. § 1983 and state law without a lawyer.

19          I.      Procedural History

20          On March 31, 2025, the undersigned screened the first amended complaint and found that

21    plaintiff had stated claims against both the named and Doe defendants, and directed plaintiff to

22    return service paperwork for the known defendants.  ECF No. 15.  Plaintiff was further advised

23    that service on the Doe defendants could not be accomplished until they were identified, and he

24    was instructed to seek to discover their identities and substitute them into the case as soon as

25    possible.  Id.  After service was ordered on defendants Fadaki and Sacramento County (ECF No.

26    17), plaintiff filed a motion to amend the complaint and a proposed amended complaint (ECF

27    Nos. 20-21).  In response, defendants Fadaki and Sacramento County have filed a motion

28    requesting that the court screen the proposed second amended complaint and waiving their right

                                                   1

1    to reply to the complaint under 42 U.S.C. § 1997e(g).  ECF No. 23.  Plaintiff has since filed

2    another motion to amend.  ECF No. 25.

3        II.    Motion to Amend

4        Plaintiff's motions seek to amend the complaint to identify the Doe defendants and add

5    additional claims to the complaint.  ECF Nos. 20-21, 25.  The motions will be granted.

6        III.    Second Amended Complaint

7            A. Statutory Screening of Prisoner Complaints

8        The court is required to screen complaints brought by prisoners seeking relief against "a

9    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

10   claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v.

11   Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

12   an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

13   327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

14   arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

15   superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

16   2000).

17       In order to avoid dismissal for failure to state a claim a complaint must contain more than

18   "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

19   cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

20   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21   statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

22   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

23   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

24   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation

25   omitted).  When considering whether a complaint states a claim, the court must accept the

26   allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

27   complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

28   (1969) (citations omitted).

1          B.  Factual Allegations of the Complaint

2              The second amended complaint alleges that Sacramento County and sixteen individual

3      defendants have violated plaintiff's rights by failing to provide him with proper medical care.

4      ECF No. 21.  For each of his claims, plaintiff indicates that there is a grievance process and that

5      he has submitted a grievance, but that he has not appealed it to the highest level because he

6      "submitted notice of claim to board of supervisors."  Id. at 5, 11-13.

7          C.  Failure to Exhaust

8              Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are

9      subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Under the PLRA,

10     "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

11     any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

12     such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); Porter v.

13     Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners

14     seeking redress for prison circumstances or occurrences").  "[T]hat language is 'mandatory': An

15     inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent

16     exhaustion of available administrative remedies."  Ross v. Blake, 578 U.S. 632, 638 (2016)

17     (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  Dismissal for failure to state a claim is

18     appropriate where "a failure to exhaust is clear on the face of the complaint."  Albino v. Baca,

19     747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6)

20     where exhaustion is clear on the face of the complaint) (en banc); Davis v. Cal. Dep't of Corr. &

21     Rehab., 474 F. App'x 606, 607 (9th Cir. 2012) (district court properly dismissed case where it

22     was clear on face of complaint that administrative remedies were not exhausted prior to filing).

23     When the district court concludes that the prisoner has not exhausted administrative remedies on

24     a claim, "the proper remedy is dismissal of the claim without prejudice."  Wyatt v. Terhune, 315

25     F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747

26     F.3d at 1168.

27             Plaintiff represents that he has not taken his administrative appeal to the highest level

28     because he filed a notice of claim with the county board of supervisors.  However, California's

3

1    notice of claim requirement for bringing state tort actions against a public entity is separate from

2    the PLRA's requirement that a prisoner exhaust his administrative remedies within the prison.

3    See Felder v. Casey, 487 U.S. 131, 140 (1988) ("notice-of-claim statutes are inapplicable to

4    federal-court § 1983 litigation"); Cal. Gov't Code § 905 (requiring notice of claim for claims for

5    money or damages against local public entities); Cal. Gov't Code § 945.4 (no suit for money or

6    damages against a public entity until written claim is presented to entity and acted upon by the

7    board or deemed rejected); 42 U.S.C. § 1997e(a); Marella v. Terhune, 568 F.3d 1024, 1027 (9th

8    Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper

9    exhaustion.'" (quoting Jones v. Bock, 549 U.S. 199, 218 (2007))).

10        There is no indication in the second amended complaint[1] that administrative remedies

11    were unavailable or that the administrative remedies process was exhausted despite not being

12    pursued through the highest level.  Plaintiff will therefore be required to show cause why his

13    complaint should not be dismissed for failure to exhaust his administrative remedies prior to

14    filing suit.  Such dismissal would be without prejudice to re-filing once plaintiff has exhausted his

15    administrative remedies.  In the event plaintiff provides sufficient facts showing that he either

16    exhausted his administrative remedies or that the grievance process was unavailable,[2] the court

17    will proceed to screen the second amended complaint on the merits.

18        IV.    Motion for Screening and Waiver of Reply

19        Defendants have filed a motion requesting the court screen the second amended complaint

20    and waiving their right to reply to the complaint.  ECF No. 23.  The motion for screening will be

21    granted to the extent the court has conducted an initial screening on the issue of exhaustion and

22    will further screen the complaint on its merits should plaintiff discharge the order to show cause.

23    Defendants will not be required to respond to the second amended complaint at this time.

24    However, in the event the court screens the complaint and finds that it should proceed on the

25    merits, defendants will be directed to respond at that time.  See 42 U.S.C. 1997e(g)(2) (court may

26

27    [1]  Upon review, the original and first amended complaints also indicated that plaintiff had not
     exhausted his administrative remedies and gave the same reason.  See ECF Nos. 1, 14.

28    [2]  Successful discharge of the order to show cause will not preclude defendants from seeking
     summary judgment on exhaustion grounds.

1    require reply where it finds "plaintiff has a reasonable opportunity to prevail on the merits").

2        V.    <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

3        You have stated in your complaint that you did not exhaust the jail grievance process

4    before filing your complaint.  You must show either that (1) you have exhausted grievances for

5    the claims in the complaint or (2) the grievance process was not available to you.  If you do not, it

6    will be recommended that your complaint be dismissed without prejudice to re-filing once you

7    have exhausted your grievance.

8                                                <u>CONCLUSION</u>

9        In accordance with the above, IT IS HEREBY ORDERED that:

10       1.  Plaintiff's motions to amend (ECF Nos. 20, 25) are GRANTED and this case proceeds

11   on the second amended complaint (ECF No. 21).

12       2.  Within thirty days from the date of service of this order, plaintiff must show cause in

13   writing why his complaint should not be dismissed without prejudice for failure to exhaust

14   administrative remedies.  Failure to respond will result in a recommendation that this action be

15   dismissed without prejudice.

16       3.  Defendants' motion for screening (ECF No. 23) is GRANTED to the extent set forth

17   above.

18   DATED: June 11, 2025

19

20   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28