UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DUPREE DEAN, JR., | No. 2:24-cv-0139 AC P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

      Plaintiff is a current state and former county prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

      On April 18, 2025, the court ordered the United States Marshal to serve process upon defendants Fadaki and Sacramento County. ECF No. 17. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. Id. at 2. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service. Id. The order explicitly provided that for a defendant waiving service, "[t]he filing of an answer or a responsive motion does not relieve a defendant of [the] requirement [to return the signed waiver], and the failure to return the signed

1 waiver may subject a defendant to an order to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2)." Id.

On July 30, 2025, the United States Marshal filed a return of service with a USM-285 form showing total charges of $73.70 each for effecting personal service on defendants Fadaki and Sacramento County. ECF No. 31. The form shows that a waiver of service form was mailed to the defendants on May 6, 2025, and that defendants were personally served on July 22, 2025. Id.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) *Requesting a Waiver*. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> (2) *Failure to Waive*. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1)-(2).

The court finds that defendants Fadaki and Sacramento County were given the opportunity required by Rule 4(d) to waive service and failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendants Fadaki and Sacramento County shall each pay to the United States Marshal the sum of $73.70 unless within that time defendants file a written statement showing good cause for their failure to waive service. The court does not intend to extend this fourteen-day period.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: August 4, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2