UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DUPREE DEAN, JR.,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY, et al.,<br>Defendants. | No. 2:24-cv-0139 AC P<br><br>ORDER |

Plaintiff, a former county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law. This order is intended to resolve the outstanding requests of the parties for clarification regarding cases status. See ECF Nos. 34, 35.

I. Background

On March 6, 2025, plaintiff's initial complaint was screened and he was given the option of amending the complaint or proceeding immediately on cognizable claims only. ECF No. 10. Plaintiff notified the court that he wished to amend the complaint, ECF No. 12, and a First Amended Complaint was filed on March 21, 2025, ECF No. 14. On screening, the FAC was found suitable for service on defendants Fadaki and Sacramento County. ECF No. 15. Plaintiff provided the required service documents, and the court directed the U.S. Marshal to effect service. ECF Nos. 15 through 17.

On May 12, 2025, plaintiff filed a Motion to Amend and a proposed Second Amended Complaint. ECF Nos. 20, 21. Defendants moved for screening of the Second Amended

Complaint. ECF No. 23. The court granted plaintiff's motion to amend, ordered that the case proceed on the basis of the Second Amended Complaint, and noted that defendants' request for screening was granted to the extent that the SAC had been reviewed. ECF No. 26.

On screening, the court noted that the complaint appeared on its face to be administratively unexhausted. Id. at 3-4. Plaintiff was accordingly ordered to show cause why the SAC should not be dismissed without prejudice for failure to exhaust administrative remedies. Id. at 5. The court addressed only the exhaustion issue, and reserved screening of the substantive claims in the SAC. Id. at 4. Plaintiff responded to the OSC regarding administrative remedies, making factual and legal claims regarding the practical availability of remedies. ECF No. 27.

II. The OSC re Exhaustion (ECF No. 26) is Discharged

Plaintiff's response to the OSC, ECF No. 27, presents a cognizable theory of exhaustion. See Ross v. Blake, 578 U.S. 632, 642, 648 (2016) (inmates need exhaust only those remedies which are "available" and "capable of use"). Accordingly, the OSC will be discharged. The court here emphasizes that it is making no findings regarding the exhaustion or non-exhaustion of plaintiff's claims. It finds merely that the matter is not amenable to resolution at the screening stage. "Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). The inquiry required by Ross is a fact intensive one. Accordingly, the court must screen the claims of the SAC for substantive sufficiency[1] and when the time comes for defendants to respond, they may raise non-exhaustion as a defense. The court will then proceed to adjudicate the issue as provided in Albino, supra.

Plaintiff's request at ECF No. 35 for clarification of the status of the OSC, mistakenly docketed as a request for an OSC, is granted in that clarification has been provided.

III. Defendants' Failure to Waive Service

On April 18, 2025, the court ordered service of the First Amended Complaint on defendants Sacramento County and Fadiki. ECF No. 17. A waiver of service form was mailed to

[1] The SAC will be screened by separate order.

defendants by the U.S. Marshal on May 6, 2025, and was never returned, requiring the Marshal to effect personal service on July 22, 2025. ECF No. 31 (return of service). On August 5, 2025, the undersigned ordered defendants to reimburse the U.S. Marshal for the cost of service pursuant to Fed. R. Civ. P. 4(d)(1)-(2), unless they filed a written statement showing good cause for their failure to waive service. ECF No. 32.

Defendants filed a notice in response, ECF No. 34, which states that because the OSC to plaintiff regarding exhaustion remained outstanding and because it was unclear whether the Second Amended Complaint had passed screening, there was no operative complaint and defendants were therefore unable to waive service. ECF No. 34. This explanation fails to demonstrate good cause. At the time the waiver of service was requested, there was an operative complaint: the First Amended Complaint, which had passed screening and was the complaint which the Marshal was attempting to serve pursuant to this court's order. Defendants' failure to waive service of process in relation to this complaint is what is at issue, and that is what incurred the costs to the Marshal. The fact that plaintiff subsequently sought and obtained leave to file a new amended pleading did not retroactively relieve defendants of their obligation to either waive service of the First Amended Complaint or reimburse the Marshal for the costs of personal service. Accordingly, defendants will be ordered to pay the U.S. Marshal the costs of service.

CONCLUSION

For the reasons explained above, it is HEREBY ORDERED as follows:

1. The Order to Show Cause at ECF No. 26 is DISCHARGED without prejudice to defendants' assertion of non-exhaustion as a defense;
2. The Second Amended Complaint will be screened in due course;
3. Plaintiff's request for clarification of the status of the OSC, ECF No. 35, is GRANTED in that clarification has been provided;
4. Within seven (7) days from the date of this order, for the reasons stated at ECF No. 32 and above, defendants Fadaki and Sacramento County shall each pay to the United States Marshal the sum of $73.70; and

////

5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: August 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE